**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

JUN 8 2022

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

GOPAL PRASAD KHANAL,

Petitioner,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No.    17-70372

Agency No. A200-206-519

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 6, 2022[**]
Pasadena, California

Before:  M. SMITH, BADE, and VANDYKE, Circuit Judges.

Petitioner Gopal Prasad Khanal, a native and citizen of Nepal, seeks review

of the Board of Immigration Appeals' (BIA) decision affirming an Immigration

Judge's (IJ) adverse credibility determination against him that resulted in the denial

of his application for asylum, withholding of removal, and relief under the

---

[*] This disposition is not appropriate for publication and is not precedent except as
provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral
argument.  *See* Fed. R. App. P. 34(a)(2).

Convention Against Torture (CAT). We dismiss the petition as to Khanal's CAT claim and claim of persecution on account of his religion because those issues were not exhausted before the BIA. *Barron v. Ashcroft*, 358 F.3d 674, 677–78 (9th Cir. 2004). We deny the petition as to Khanal's claim for withholding of removal because he failed to "specifically and distinctly" discuss the matter in his opening brief. *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020) (quoting *Castro-Perez v. Gonzales*, 409 F.3d 1069, 1072 (9th Cir. 2005)). We deny the petition as to Khanal's asylum claim for the reasons given below, exercising jurisdiction under 8 U.S.C. § 1252.

We review the agency's factual findings, including adverse credibility determinations, for substantial evidence. *Mukulumbutu v. Barr*, 977 F.3d 924, 925 (9th Cir. 2020). We will not disturb the agency's finding that a petitioner is not credible unless "any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see also Manes v. Sessions*, 875 F.3d 1261, 1263 (9th Cir. 2017) (per curiam) (observing that we "afford a 'healthy measure of deference to agency credibility determinations'" (citation omitted)). Therefore, "only the most extraordinary circumstances will justify overturning an adverse credibility determination." *Shrestha v. Holder*, 590 F.3d 1034, 1041 (9th Cir. 2010) (quoting *Jibril v. Gonzales*, 423 F.3d 1129, 1138 n.1 (9th Cir. 2005)).

Here, the agency's adverse credibility determination is supported by

substantial evidence. Khanal claimed that he feared returning to Nepal because Maoists had physically harmed him when he refused to give them money and crates of Coca-Cola. But Khanal's testimony was rife with inconsistencies between his initial interviews, sworn declaration, and oral testimony before the IJ as to what motivated the Maoists to allegedly harm him. Khanal initially claimed in his interviews that the Maoists were motivated only by money, then claimed in his sworn declaration that the harm was politically motivated and a result of his religious views and the Maoists' lack thereof. Before the IJ, Khanal returned to his view that the Maoists were motivated only by money. Even after these inconsistencies were pointed out in the IJ's decision and Khanal was put on notice that he had to explain them to the BIA, he made no attempt to do so and has maintained that the inconsistencies in his testimony "are non-existent." *See Pal v. INS*, 204 F.3d 935, 939 (9th Cir. 2000).

But even assuming that Khanal was improperly denied an opportunity to explain some of the inconsistencies relied on by the IJ, *see Soto-Olarte v. Holder*, 555 F.3d 1089, 1092 (9th Cir. 2009), the remaining bases supporting the agency's adverse credibility determination constitute substantial evidence without relying on those inconsistencies.[1] In addition to the testimonial inconsistencies, the agency

[1] Khanal was given an opportunity to explain some of the inconsistencies in his testimony. He was asked why his sworn declaration claimed that both physical encounters with the Maoists were at his home, but his testimony claimed the first

3

relied on significant omissions in Khanal's testimony that went to the heart of his asylum claim. Khanal claimed in his asylum application that his religious beliefs motivated the Maoists to harm him, but before the IJ he made no mention of religion or his religious beliefs. Khanal initially claimed that Maoists were "Godless atheists looking to persecute businessmen and high class Hindus" like himself, describing himself as "a very religious man" and "a practicing Hindu" who refused to give the Maoists money because he opposed "Godless communism …." But before the IJ, despite the seemingly central nature of Khanal's religion to his fear of persecution, he made no mention of religion.[2] *See Zamanov v. Holder*, 649 F.3d 969, 973 (9th Cir. 2011) (upholding an adverse credibility determination where an omission went to the core of the alien's fear of persecution).

In addition to the critical omission of religion in his testimony, Khanal also gave evasive and unresponsive answers in response "to simple, straightforward

---

physical encounter was at his shop and only the second at his home. *Rizk v. Holder*, 629 F.3d 1083, 1088 (9th Cir. 2011) ("[T]he opportunity to explain may be provided through cross-examination by the government, or even direct examination by the alien's own attorney ...." (citations omitted)), *overruled in part on other grounds by Alam v. Garland*, 11 F.4th 1133, 1135–37 (9th Cir. 2021) (en banc). The IJ also confronted Khanal's change in story as to when he last communicated with his wife, which he was unable to explain.

[2] Although Khanal argued before the BIA that he failed to mention his religion simply because he was not asked about it at the hearing, the Board concluded that the connection between his religion and his feared persecution appeared to be central to his asylum claim as described in his asylum application, and therefore his failure to mention it at all undermined his credibility.

questions" regarding the documentary evidence he provided: the letter from his employer and the letter from his wife. The IJ found Khanal's evasive demeanor to be "a pattern throughout the hearing" that undermined his credibility. *Shrestha*, 590 F.3d at 1045 (holding that an IJ can consider unresponsiveness that was a pattern throughout the hearing in making an adverse credibility finding).

The agency also found that Khanal's corroborating evidence was insufficient to meet his burden of showing that the Maoists were motivated to harm him on account of a protected ground. The two documents with any bearing on Khanal's claims—the Coca-Cola distributor letter and the letter from Khanal's wife—simply described the Maoists as terrorists and claimed that they made threats but did not explain or opine on the Maoists' alleged motivation to harm or threaten Khanal.

Even without considering any testimonial inconsistencies that Khanal was not allowed to explain, his other inconsistencies, critical omissions, and evasive, unresponsive answers identified by the agency constitute substantial evidence. Khanal failed to establish that "any reasonable adjudicator would be compelled" to disagree with the agency's adverse credibility determination. 8 U.S.C. § 1252(b)(4)(B). Without Khanal's testimony, the remaining evidence is not sufficient to compel the conclusion that the agency erred in denying his application. **Petition DISMISSED in part; and DENIED in part.**